UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00036-CJC (AS) | Date | February 22, 2021 |
|---|---|---|---|
| Title | Eduardo Inchaustequii v. Kings County | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**    **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On January 7, 2021, Eduardo Inchaustequii ("Petitioner"), located in San Bernardino County and proceeding pro se, filed a "Petition for Writ of Habeas Corpus" (Docket No. 1), which the Court construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") (see Docket No. 3 at 1).

On January 12, 2021, the Court issued an Order Requiring the Filing of a First Amended Petition. (Docket No. 3). (A copy of the Court's January 12, 2021 Order is attached.) The Court screened the Petition and found it deficient in the following respects:

(1) Petitioner has failed to identify the proper Respondent, the name of the person having custody of Petitioner, i.e., prison warden; (2) Petitioner's claim(s) are incomprehensible, the Court is unable to discern what claim(s) Petitioner intends to assert, and Petitioner does not identify the claims for which he purports to provide supporting facts; (3) It is not clear whether the Central District of California is the proper venue since [it] is not clear in what court Petitioner suffered his conviction; (4) Petitioner has alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d); (5) Petitioner has failed to plainly state "[t]he statutory or other basis for the exercise of jurisdiction by this Court," in violation of Central District Local Rule 8-1 and Fed.R.Civ.P. Rule 8(a); (6) It is unclear whether Petitioner has failed to exhaust each and every "claim" alleged in the Petition; and (7) Petitioner's claim(s) are noncognizable to the extent that they do not relate to the fact of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 489

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00036-CJC (AS) | Date | February 22, 2021 |
|---|---|---|---|
| Title | Eduardo Inchaustequii v. Kings County | | |

(1973). Id. at 1-2.

The Court ordered Petitioner to file, by no later than February 11, 2021, a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("First Amended Petition") on the proper Central District of California form, a copy of which was provided to Petitioner. Id. at 2. Petitioner was instructed that the First Amended Petition "should set forth clearly each claim which Petitioner intends to raise in this proceeding and the factual bases for each claim." Id.

The Court's January 12, 2021 Order stated the following: "Petitioner is advised that his failure to comply with the above requirements may result in a recommendation that this action be dismissed for failure to comply with the Court's Order and/or for failure to prosecute pursuant to Fed.R.Civ.P 41(b)." Id. (citing to Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002)).

To date, Petitioner has failed to file a First Amended Petition, or request an extension of time to do so.

Therefore, Petitioner is **ORDERED TO SHOW CAUSE**, within **thirty (30) days** of the date of this Order (by no later than **March 24, 2021**), why this action should not be dismissed for failure to comply with Court orders and/or prosecute pursuant to Fed.R.Civ.P. 41(b).

Petitioner may discharge this Order by filing a First Amended Petition which complies with the Court's January 12, 2021 Order, **or** a statement setting forth why he is unable to do so.

**Petitioner is expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and/or for his failure to prosecute. See Fed.R. Civ. P. 41(b).**